UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| AMERIHOME MORTGAGE CO., LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5:25-cv-00277-GFVT |
| | ) | |
| V. | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| MARNY JO DE JESUS, *et al.*, | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

**\*\*\*   \*\*\*   \*\*\*   \*\*\***

This matter is before the Court upon the joint motion of plaintiff AmeriHome Mortgage Co., LLC ("AmeriHome"), as well as counterclaim defendants Reimer Law Co., Katherine D. Carpenter, and Mike L. Wiery to remand this action to the Circuit Court of Casey County, Kentucky. [R. 8.] The parties have filed their respective responses and replies. [R. 11; R. 12.] Thus, this matter is ripe for decision.[1] For the reasons that follow, the Court will **GRANT** the Motion to Remand **[R. 8.]**

**I**

On March 19, 2025, AmeriHome filed a foreclosure action in the state court against Defendants Brent De Jesus and Marny Jo De Jesus. *See AmeriHome Mtg. Co., LLC v. De Jesus*,

---

[1] AmeriHome simultaneously filed a motion to dismiss, or in the alternative to strike, the counterclaims filed by the Defendants. [R. 9.] The Court, noting "apparent defects in removal procedure and notable doubts regarding subject matter jurisdiction," stayed briefing on the motion to dismiss pending resolution of the motion to remand. [R. 10.] After all, "if remand is appropriate, then the state court should decide the motion to dismiss." *McNally v. Kingdom Tr. Co.*, No. 5:21-CV-0068 (TBR), 2021 WL 4555838, at \*1 (W.D. Ky. Oct. 5, 2021).

No. 25-CI-00037 (Casey Cir. Ct. 2025).[2]  The Defendants were served with process in person on March 21, 2025.  [*See* R. 1-5 at 117-145.]  In a subsequent amended complaint, AmeriHome added Ephraim McDowell Regional Medical Center as a defendant because it is the holder of a recorded judgment lien on the mortgaged property.  [R. 1-5 at 11-12.]  Ephriam McDowell was served with process on May 19, 2025, and filed its answer on June 23, 2025.  [R. 1-5 at 9-10, 41; R. 1-3 at 40-43].

The Defendants immediately and vigorously participated in the state court action in the four months after they were served, filing numerous motions, objections, notices, and other documents.  [*See* R. 1-5 at 106-112; R. 1-5 at 60-73; R. 1-5 at 54-59; R. 1-3 at 72-77; R. 1-4 at 5-8; R. 1-3 at 45-55; R. 1-3 at 26-30; R. 1-3 at 31-38.]  The state court disagreed with all of the various positions taken by the Defendants and denied their motions to dismiss the case.  [R. 1-5 at 44; R. 1-3 at 44; R. 1-3 at 15-25.]  The Defendants filed their answer on July 17, 2025.  That pleading also asserted counterclaims against AmeriHome and the counterclaim defendants.  [R. 1-1 at 27-48.]  On July 27, 2025, AmeriHome and the counterclaim defendants collectively filed a motion to dismiss the Defendants' claims against them.  [R. 1-1 at 5-26.]

On August 5, 2025, the Defendants filed a notice of removal to this Court.  [R. 1.][3]  The Defendants assert that they are entitled to remove the state court action to this Court based solely

---

[2] The docket may be reviewed on the Kentucky Court of Justice's online eCourts database at https://kcoj.kycourts.net/CourtNet/Search/CaseAtAGlance?county=023&court=1&division=CI&caseNumber=25-CI-00037&caseTypeCode=FCL&client_id=0 (accessed on March 17, 2026).  A court may take judicial notice of undisputed information contained on government websites, *Demis v. Sniezek*, 558 F. 3d 508, 513 n.2 (6th Cir. 2009), including "proceedings in other courts of record." *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969).

[3] The Defendants filed in the state court a notice regarding removal on July 29, 2025.  However, removal was not effected until they filed a notice of removal in ***this*** Court seven days later.  *See* 28 U.S.C. § 1446(a), (d); *See also Stovall v. Thompson*, No. 3: 15-CV-82-GFVT (E.D. Ky. 2015) [R. 8 therein at 5-7.]

upon its federal question jurisdiction because they assert several counterclaims predicated upon federal law in their answer.  [R. 1 at 2, ¶¶ 3-4.]  In that pleading, filed on July 17, 2025, the Defendants asserted claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*; and the Trading with the Enemy Act ("TWEA"), 50 U.S.C. § 4305(b)(2).  [R. 1-1 at 32-48.]

## II

Through their motion to remand, AmeriHome and the counterclaim defendants seek remand to the Casey Circuit Court on several grounds.  Specifically, they contend that the Defendants failed to remove this action within thirty days after they were served with process, and that the Defendants' assertion of federal counterclaims in their responsive pleading does not confer federal question jurisdiction on this Court.  [R. 8 at 3-6.]  The Court addresses these contentions in turn.

## A

Federal law requires a state court defendant to remove an action to federal court shortly after service of process:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 USC § 1446(b)(1).  The Defendants were served with process on March 21, 2025.  [R. 1-5 at 117-145.]  They were therefore required to remove the action on or before April 21, 2025.[4]

---

[4] The thirty-day period expired on April 20, 2025.  That date fell on a Sunday, so removal was permitted until the next business day, on April 21, 2025, per Fed. R. Civ. P. 6(a)(1)(C).  *See Chambers v. HSBC Bank USA, N.A.*, 796 F.3d 560, 566 (6th Cir. 2015); *McKenney v. Kroger Ltd. P'ship I*, No. 5:24-CV-236-REW-MAS, 2025 WL 1361465, at *4 (E.D. Ky. May 5, 2025).

Defendants did not file their notice of removal in this Court until August 5, 2025, rendering it untimely by more than three months. On the basis of that procedural defect alone, remand is warranted. The Defendants' assertion that removability was triggered only by the filing of their answer, laden with federal counterclaims, is entirely without merit. *Cf. Nessel on behalf of People of Michigan v. Enbridge Energy, LP*, 104 F.4th 958, 964-65 (6th Cir. 2024), *cert. granted sub nom. Enbridge Energy, LP v. Nessel*, 145 S. Ct. 2843 (2025); *Brown v. Tax Ease Lien Invs., LLC*, 77 F. Supp. 3d 598, 602 (W.D. Ky. 2015) ("The Supreme Court has determined that Congress intended to preclude plaintiff-directed removal, based solely on counterclaims brought against the plaintiff …") (*citing Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104-08 (1941)).

Before addressing the jurisdictional argument, the Court notes that – had the moving parties asserted them – two additional procedural errors by the Defendants would have warranted remand.[5] First, the Defendants removed the case to the wrong district court. Federal law provides that:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States *for the district and division embracing the place where such action is pending.*

28 U.S.C. § 1441(a) (emphasis added). Casey County falls within the Bowling Green Division of the United States District Court for the Western District of Kentucky. *See* 28 U.S.C. § 97(b); LR

---

[5] The removal statute requires a party to file "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction ... within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c). The moving parties did not assert these grounds in their motion, and the time to do so has passed. The Court notes them only to underscore the breadth of the irregularities and insufficiencies of the Defendants' removal effort, a consideration pertinent to the matter of fees and expenses recoverable under 28 U.S.C. § 1447(c).

3.1(b)(2). It is that Court, and only that Court, to which the Casey County action could have been removed. *Kerobo v. Sw. Clean Fuels, Corp.*, 285 F.3d 531, 535 (6th Cir. 2002) ("There is only one federal venue into which a state court action may be removed, and that is in the statutorily dictated 'district court ... for the district and division embracing the place where [the state court] action [was] pending.'") (*quoting* 28 U.S.C. § 1441(a)). By itself, that error would permit (although not require) transfer to the Western District rather than remand to the Casey Circuit Court. *Cf. Commonwealth Motorcycles, Inc. v. Ducati N. Am., Inc.*, No. 16-CV-02-GFVT, 2016 WL 3156417, at *2 (E.D. Ky. June 2, 2016) (collecting cases). Here, however, in light of the evident impropriety of the removal by the Defendants, remand would be the appropriate remedy.

Second, the Defendants did not seek or obtain the consent of Ephraim McDowell to the removal. It is fundamental that "[t]he rule of unanimity requires that in order for a notice of removal to be properly before the court, all defendants who have been served or otherwise properly joined in the action must either join in the removal, or file a written consent to the removal." *Farnsworth v. Nationstar Mortgage, LLC*, 569 Fed. Appx. 421, 424 (6th Cir. 2014); *See* 28 U.S.C. § 1446(b)(2)(A). EMRMC was served and filed an answer in the Casey County action, so its consent to removal was required. Without such consent removal was improper, again warranting remand. *Cf. Christiansen v. West Branch Community School Dist.*, 674 F.3d 927, 932-33 (8th Cir. 2012).

AmeriHome's second argument is that the Defendants' assertion of federal counterclaims in their answer does not confer federal question jurisdiction. Based upon well-established authority, the Court agrees. As the Supreme Court has explained, "the question whether a claim 'arises under' federal law must be determined by reference to the 'well-pleaded complaint.'" *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). Therefore, federal jurisdiction

is not conferred by a federal question present in either an affirmative defense or a counterclaim. *See id.*; *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) ("Moreover, we have declined to adopt proposals that 'the answer as well as the complaint be consulted before a determination is made whether the case 'arises under' federal law.' It follows that a counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction.") (cleaned up); *Chase Manhattan Mtg. Corp. v. Smith*, 507 F. 3d 910, 914 (6th Cir. 2007) ("Federal question jurisdiction under 28 U.S.C. § 1331 is proper 'only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'").

Courts therefore routinely hold that a mortgagor's attempt to delay foreclosure by asserting counterclaims under FDCPA and FCRA does not establish the federal question jurisdiction required to warrant removal. *Cf. Grande Voiture D'Ohio La Societ des 40 Hommes et 8 Chevaux v. Simpson*, No. 3:24-CV-148, 2024 WL 4110312, at *1 (S.D. Ohio Aug. 12, 2024), *aff'd sub nom. Grande Voiture D'Ohio La Societe des 40 Hommes et 8 Chevaux v. Simpson*, No. 24-3802, 2025 WL 674221 (6th Cir. Mar. 3, 2025); *JP Morgan Chase Bank, Nat'l Ass'n v. Buckner*, No. 1:19-CV-25, 2019 WL 210820, at *2 (S.D. Ohio Jan. 16, 2019); *Wells Fargo Bank, N.A. v. Dey-El*, No. 17-1762-(ES)(SCM), 2018 WL 283732, at *3 (D.N.J. Jan. 3, 2018), *aff'd sub nom. Wells Fargo Bank, Nat'l Ass'n As Tr. for Holders of the Merrill Lynch Mortg. Invs. Tr., Mortg. Loan-Asset-Backed Certificate Series 2006-WMCI v. Dey-El*, 788 Fed Appx. 857 (3d Cir. 2019).

In their response, the Defendants assert for the first time that the Court possesses subject matter jurisdiction to support removal because there is complete diversity of citizenship under 28 U.S.C. § 1332. [R. 11 at 2.] This argument fails for two reasons. First, the Defendants expressly and exclusively invoked the Court's federal question jurisdiction in their notice of removal. They

cannot subsequently rely upon an entirely different ground for the first time in their response to a dispositive motion.  After all, a notice of removal reliant upon diversity jurisdiction must state, with particularity and specificity, both the citizenship of the parties and the amount in controversy. *Cf. D and R Party, LLC v. Party Land, Inc.*, 406 F.Supp.2d 1382, 1384-85 (N.D. Ga. 2005); *Dane v. Southwestern Bell Tel. Co.*, 352 F. Supp. 257, 259 (W.D. Okla. 1972).  The Defendants made no effort to allege either diversity of citizenship or the amount in controversy because they relied exclusively upon federal question jurisdiction as a basis for removal.  That is a plain omission, not a remediable defect, and hence is not curable months after the 30-day removal period has passed. *Cf. Rossi, Turecamo & Co. v. Best Resume Serv., Inc.*, 497 F. Supp. 437, 441 (S.D. Fla. 1980) ("… there is agreement that a petition for removal may be amended after the thirty day period provided the original petition is merely 'defective'. A petition may not be amended if jurisdictional allegations are 'missing.'").

Second, the Defendants are statutorily foreclosed from removal based upon diversity of citizenship.  The governing statute expressly provides that:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b)(2).  The Defendants have affirmatively asserted that they are citizens of Kentucky.  [R. 1-1 at 32; R. 1-6 at 1.]  Removal based upon diversity of citizenship is therefore categorically unavailable to them. *US Framing Int'l LLC v. Cont'l Bldg. Co.*, 134 F.4th 423, 429 (6th Cir. 2025).[6]

---

[6] AmeriHome, of course, did not raise this objection within 30 days after removal as required by § 1447(c). But that deadline presents no impediment to considering or applying this objection because the Defendants did not ground their right to removal upon diversity of citizenship in the first place.  If anything, the potential

7

For these reasons, the Court will grant to motion to remand and order that this case be returned to the state court. The Clerk will be directed to mail a certified copy of this Memorandum Opinion and Order to the clerk of the state court. 28 U.S.C. § 1447(c).

## B

Federal law provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Deciding whether an award is appropriate "turn[s] on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). *See also Warthman v. Genoa Twp. Bd. of Trs.*, 549 F.3d 1055, 1059 (6th Cir. 2008).

AmeriHome and the counterclaim defendants did not expressly request an award of expenses and fees in their motion to remand. If they intend to do so, they must file the motion with supporting documentation within twenty-eight days. *See* LR 54.4; *Raub v. Moon Lake Prop. Owners' Ass'n*, 718 F. App'x 407, 409 (6th Cir. 2018) ("… district courts are allowed to establish their own timeliness standards for fee requests regardless of the federal rule's fourteen-day deadline."). Any such motion, and the Defendants' response, should address both the predicate question of the reasonableness of the removal and the amount of expenses and fees incurred.

The Court will order the immediate remand of this action but retains jurisdiction over the fee issue. *See Stallworth v. Greater Cleveland Reg'l Transit Auth.*, 105 F.3d 252, 257 (6th Cir.

---

preclusive effect of § 1447(c) underscores the need for courts to rigorously enforce the requirement that a removing party clearly state all grounds for removal in the initial notice of removal.

1997) ("… a district court, after issuing an order of remand, may make an award of attorney fees and costs in a separate order."); *Falcon Drilling LLC v. Omni Energy Grp. LLC*, 2022 WL 458505 at *1 (S.D. Ohio Feb. 15, 2022).

### III

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1.      The Joint Motion to Remand **[R. 8]** is **GRANTED**;

2.      The pending Motion to Dismiss **[R. 9]** is **DENIED AS MOOT**;

3.      Effective immediately, this case is **REMANDED** to the Circuit Court of Casey County, Kentucky.  The Clerk shall **MAIL** a certified copy of this Memorandum Opinion & Order to the Clerk of the Circuit Court of Casey County, Kentucky;

4.      Pursuant to Section 1447(c), the Court **RETAINS** limited jurisdiction solely to determine and assess any award of fees and costs; and

5.      **Within twenty-eight (28) days** from the date of entry of this Order, each of AmeriHome Mortgage Company, LLC; Katherine D. Carpenter; Reimer Law Co.; and Mike L. Wiery shall individually or collectively **FILE** any motion requesting attorneys' fees and costs incurred as a result of the improper removal by Defendants Brent De Jesus and Marny Jo De Jesus. Such a motion must be supported by a bill of costs and attorneys' fees indicating actual expenses incurred.  A response and reply may be filed in accordance with LR 7.1, at which time the motion will stand submitted.

This the 30th day of March, 2026.

Gregory F. Van Tatenhove
United States District Judge